FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARGARET C. JACKSON,                        )
5711 Castlebridge Road, Apartment 132       )
Fredericksburg, VA 22407                     )
                                             )
                    **Plaintiff,**           )    Civil Action No._____
                                             )
v.                                           )
                                             )
CENTRAL ADMIXTURE PHARMACY                   )
SERVICES, INC.                               )
                                             )
Serve:                                       )
    **Corporation Service Company**          )
    **1090 Vermont Avenue, N.W.**            )    CASE NUMBER  1:07CV00296
    **Washington, D.C. 20005**               )
                                             )    JUDGE: Richard W. Roberts
and                                          )
                                             )    DECK TYPE: Personal Injury/Malpracti
B. BRAUN MEDICAL, INC.                       )                                        s
                                             )    DATE STAMP: 02/●/2007
Serve:                                       )
    **Corporation Service Company**          )
    **1090 Vermont Avenue, N.W.**            )
    **Washington, D.C. 20005**               )
                                             )
                    **Defendants.**          )

*JURY ACTION*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants, B. Braun Medical, Inc.,  ("B. Braun") and

Central Admixture Pharmacy Services, Inc., ("CAPS"), by and through their attorneys,

respectfully files this Notice of Removal of this action, presently pending in the Superior Court

for the District of Columbia.  In support of their Notice of Removal, B. Braun and CAPS state

the following:

{D0064280.1 }

*1*

1.      Pursuant to 28 U.S.C. § 1446(a), B. Braun and CAPS  attaches hereto, as "Exhibit 1," a copy of all pleadings filed to date in the Superior Court for the District of Columbia in this action..

2.      Margaret C. Jackson ("Plaintiff") filed this civil action, No. 2006CA0008227B, in the Superior Court for the District of Columbia.

3.      Plaintiff is—according to the averments of her complaint and, thus, on the information and belief of B. Braun and CAPS—an adult who is a resident of the Commonwealth of Virginia.

4.      Defendant B. Braun is a corporation incorporated and existing under the laws of the State of Pennsylvania and having its principal place of business in that state.

5.      Defendant CAPS is a corporation incorporated and existing under the laws of the State of Delaware and having its principal place of business in that state.

6.      The amount in controversy in this case exceeds the sum of $75,000, exclusive of interests and costs, in that Plaintiff's complaint herein seeks judgment against Defendants in the amount of Five Million Dollars ($5,000,000).  (Complaint, attached hereto as part of Exhibit 1)

7.      Pursuant to 28 U.S.C. § 1446(b), this Notice is filed with this Court within thirty days following receipt by B. Braun and CAPS of the initial pleading in this case setting forth the claim for relief upon which such action is based.

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be given promptly to all adverse parties.

9.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed promptly with the Clerk of the Superior Court for the District of Columbia.

10.    For the foregoing reasons, this Honorable Court has diversity jurisdiction over this removed action, and B. Braun and CAPS desires and are entitled to have this case removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

WHEREFORE, for the above stated reasons, B. Braun and CAPS respectfully requests that this action be removed to this Court, that this Court accept jurisdiction of this action, and that the Court place this action on its docket for further proceedings, as if said action had been instituted originally in this Court.

Respectfully submitted,

William H. Robinson, Jr., Bar No. 465/615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C.  20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2007, copies of the foregoing were mailed first-class, postage prepaid to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC  20009

*Counsel for Plaintiff*


Clerk's Office – Civil Division
District of Columbia Superior Court
Moultrie Courthouse
500 Indiana Avenue, N.W. Room JM-170
Washington, DC 20001

William H. Robinson, Jr.

# EXHIBIT 1

## PLEADINGS FILED TO DATE IN

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

# INDEX

1A:    Complaint

1B:    Defendant's B. Braun Medical Inc. & Central Admixture Pharmacy Services, Inc.'s Joint Motion to Dismiss for Lack of Jurisdiction over Defendants or Alternatively for Forum Non Conveniens

1C:    Defendant's B. Braun Medical Inc. & Central Admixture Pharmacy Services, Inc.'s Memorandum in Support of Their Joint Motion to Dismiss for Lack of Jurisdiction over Defendants or Alternatively for Forum Non Conveniens

1D:    Proposed Order granting Defendant's Motion to Dismiss

1E:    Praecipe

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARGARET C. JACKSON,                          )
5711 Castlebridge Road, Apartment 132         )
Fredericksburg, VA 22407                       )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )
                                               )
CENTRAL ADMIXTURE PHARMACY                     )
SERVICES, INC.                                 )
                                               )
Serve:                                         )
        Corporation Service Company            )
        1090 Vermont Avenue, N.W.              )
        Washington, D.C. 20005                 )
                                               )
and                                            )
                                               )
B. BRAUN MEDICAL, INC.                         )
                                               )
Serve:                                         )
        Corporation Service Company            )
        1090 Vermont Avenue, N.W.              )
        Washington, D.C. 20005                 )
                                               )
        Defendants.                            )

RECEIVED
Civil Clerk's Office
NOV 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

C.A. No:_____

0008227-06

## COMPLAINT

Negligence, Breach of Warranties, Strict Liability in Tort

COMES NOW the plaintiff, Margaret C. Jackson, by counsel, and for her

Complaint against the defendants, Central Admixture Pharmacy Services, Inc. ("CAPS")

and B. Braun Medical, Inc. ("B. Braun"), seeking award of execution against said

defendants, jointly and/or severally, states as follows:

        1.      The Court has jurisdiction of this matter pursuant to Sections 11-921 and

13-334 of the District of Columbia Code (2001 Ed.).

07 0296
**FILED**

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

_1 A_

2.      Plaintiff, Margaret C. Jackson, ("Jackson") is a citizen and resident of the Commonwealth of Virginia, residing at 5711 Castlebridge Road, Apartment 132, Fredericksburg, Virginia 22407. Jackson was born on September 15, 1940.

3.      Upon information and belief, the defendant, CAPS, is now and was at all times relevant hereto, a Delaware corporation, authorized to transact business in the District of Columbia, and was at all times relevant hereto transacting and/or doing business in the District of Columbia.

4.      Upon information and belief, CAPS is now and was at all times relevant hereto, in the business of compounding, mixing, manufacturing, assembling, testing, inspecting, distributing, and selling pharmaceutical products, including cardioplegia, and owns and operates, among other facilities, a facility in Lanham, Maryland.

5.      Upon information and belief, CAPS is the employer of employees and agents who, at all times relevant hereto, were acting within the scope of their employment/agency, such that CAPS is liable to Ms. Jackson for their negligence.

6.      Upon information and belief, the defendant, Braun, is a Pennsylvania corporation authorized to transact business in the District of Columbia, and at all times relevant hereto, was transacting and/or doing business in the District of Columbia. Braun is the parent corporation of CAPS.

7.      Upon information and belief, Braun is the employer of employees and agents who, at all times relevant hereto, were acting within the scope of their employment/agency, and had the right to control the action of the workers responsible for the compounding, mixing, manufacturing, assembling, testing, inspecting, distributing, and selling the pharmaceutical products (cardioplegia) which caused the injury to

2

Jackson, such that Braun is liable to her for the negligence of Braun and its employees and agents.

## FACTS COMMON TO ALL COUNTS

8.     Since July, 2003, CAPS has provided cardioplegia, mixed in its facility in Lanham, Maryland, to Mary Washington Hospital ("MWH") in Fredericksburg, Virginia for use in cardiac surgery.

9.     Cardioplegia is a product which, among other things, paralyzes the heart during cardiac surgery.

10.     On November 11, 2003, Jackson underwent a cardiac catheterization, and as a result, elective coronary artery bypass grafting was recommended.

11.     At the time of Ms. Jackson's elective coronary bypass surgery, she was in general good health, was fully independent, recently retired, active and loved by her family.

12.     On November 14, 2003, John Armitage, M.D. performed a coronary artery bypass surgery of Ms. Jackson at MWH.

13.     During this November 14, 2003 bypass procedure, cardioplegia solution, prepared at the CAPS facility in Lanham, Maryland, was infused into Jackson at different times during the bypass procedure.

14.     Following surgery, Jackson suffered Systemic Inflammatory Response Syndrome (SIRS), due to infectious process, with postoperative respiratory insufficiency requiring mechanical ventilation, and remained hospitalized through December 5, 2003.

15.     Upon information and belief, the cardioplegia infused into Jackson was contaminated with the bacteria that caused her catastrophic injuries.

3

16.     Jackson was injured as a direct and proximate result of the negligent acts and/or omissions of both Defendants.

## COUNT ONE
### (Negligence)

17.     Paragraphs 1-16 are re-alleged as if fully set forth herein.

18.     Defendants had a duty to use ordinary care to design, compound, mix, manufacture, assemble, test, inspect, distribute, approve, label, package and sell the subject cardioplegia solution.

19.     Defendants had a duty to give adequate warnings of the potential danger of the subject cardioplegia since they knew, or by the use of ordinary care had reason to know, that their product was potentially dangerous, that this danger was not obvious or readily discoverable by the user, and that injury reasonably could be anticipated.

20.     Notwithstanding these duties, Defendants CAPS and Braun negligently designed, compounded, mixed, manufactured, assembled, tested, inspected, distributed, approved, labeled, packaged, sold and failed to give proper warnings regarding the risks associated with the use of the subject cardioplegia solution in such a manner as to render said solution unreasonably dangerous for its ordinary and foreseeable uses.

21.     As a direct and proximate result of Defendants' negligence, Jackson was injured and suffered substantial damages as more fully set forth herein.

## COUNT TWO
### (Breach of Warranties)

22.     Paragraphs 1-21 are re-alleged as if fully set forth herein.

23.     Defendants each expressly and impliedly warranted that the subject cardioplegia solution was of merchantable quality, and fit and safe for its intended and

4

ordinary and foreseeable uses and that it would properly and safely perform the ordinary and foreseeable functions for which it was designed without causing the injuries of which the Plaintiff complains as a result of the probable, foreseeable and ordinary uses of the product as designed, manufactured, described and marketed by the Defendants.

24.    Defendants gave express warranties that the subject cardioplegia solution was a high quality admixture product created in a state licensed pharmacy, also acting as a FDA registered manufacturer, and did otherwise give express warranties.

25.    Defendants further gave implied warranties of merchantability that the cardioplegia solution was fit and safe for its ordinary, foreseeable and intended uses, had been adequately tested, investigated, studied, manufactured, labeled and evaluated to ensure that it was safe for its intended uses.

26.    The subject cardioplegia did not conform to the express and implied warranties made by the Defendants.

27.    Defendants breached such express and implied warranties.

28.    As a direct and proximate result of Defendants' breach of warranties, Jackson was injured and suffered substantial damages as more fully set forth herein.

## DAMAGES

29.    Paragraphs 1-28 are re-alleged as if fully set forth herein.

30.    As a direct and proximate result of the aforementioned negligence and breaches of warranties by the Defendants, the subject cardioplegia solution infused into Jackson was contaminated with bacteria and Jackson suffered the following injuries and damages: pain and suffering; surgical procedures; disfigurement and deformity and associated humiliation and embarrassment; depression, emotional distress and mental

5

anguish; disability and permanent impairment of her whole body; disruption of her activities of daily living; impairment of her enjoyment and quality of life; inconvenience; medical, surgical and related expenses, accrued and in the future; life care needs; loss of life expectancy and other general and special damages to be shown at trial.

31.    The injuries to Jackson are continuing and she will suffer them in the future.

## MISCELLANEOUS ALLEGATIONS

32.    Jackson reserves the right to amend these pleadings as necessitated by discovery.

33.    Trial by jury on all issues, including liability and damages is hereby demanded.

WHEREFORE, Plaintiff MARGARET C. JACKSON, seeks judgment against Defendants CENTRAL ADMIXTURE PHARMACY SERVICES, INC. and B. BRAUN MEDICAL, INC., jointly and/or severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), together with interest from November 14, 2003, plus costs of this lawsuit, and any attorney fees awarded by this Court.

Respectfully submitted,

MARGARET C. JACKSON
By Counsel

Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

6

Stephanie E. Grana (VSB#35736)
Irvin V. Cantor (VSB#18770)
Michael G. Phelan (VSB#29725)
CantorArkema, P.C.
P. O. Box 561
Richmond, VA 23218-0561
(804) 644-1400 telephone
(804) 225-8706 facsimile

Counsel for Plaintiff

7



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

LGR / ALL
Transmittal Number: 4952095
Date Processed: 01/09/2007

| | |
|---|---|
| Primary Contact: | Charles A DiNardo<br>B. Braun Medical, Inc.<br>824 12th Avenue<br>Bethlehem, PA 18018 |
| Copy of transmittal only sent to: | Cathy Codrea |
| Entity: | B. Braun Medical Inc.<br>Entity ID Number 1633966 |
| Entity Served: | B. Braun Medical, Inc. |
| Title of Action: | Margaret C. Jackson vs. Central Admixture Pharmacy Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Superior, District Of Columbia |
| Case Number: | 0008227-06 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 01/09/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Harvey S. Williams<br>202-462-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARGARET C JACKSON
     Vs.                                  C.A. No.     2006 CA 008227 B
CENTRAL ADMIXTURE PHARMACY SERVICES, INC.

### INITIAL ORDER

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                               Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R WRIGHT
Date:  November 11, 2006
Initial Conference: 9:30 am, Friday, February 09, 2007
Location:  Courtroom 200
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

                                                  Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

MARGARET C. JACKSON

*Plaintiff*

vs.                                                           Civil Action No. 0008227-06

B. BRAUN MEDICAL, INC.
Serve: Corporation Service Company
*Defendant*
1090 Vermont Ave., NW
Washington, D.C. 20005

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                                              *Clerk of the Court*

Harvey S. Williams, Esq., #437147

Name of Plaintiff's Attorney                              By _____
1666 Connecticut Ave., NW, Ste. 225                                        Deputy Clerk

Address
Washington, D.C. 20009

(202) 462-5900                                            Date _____

Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

Form CV(6)-456/Mar. 01

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IMPORTANT:  IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA

MARGARET C. JACKSON,                    )
5711 Castlebridge Road, Apartment 132   )   Civil Action No. 2006- CA-0008227-B
Fredericksburg, VA 22407                )
                                        )
            Plaintiff,                  )   Calendar 13 - Judge Melvin R. Wright
                                        )
v.                                      )   Next Event:  Initial Conference
                                        )               02/09/07
CENTRAL ADMIXTURE PHARMACY              )
SERVICES, INC., et. al.                 )
                                        )
                                        )
            Defendants.                 )

RECEIVED
Civil Clerk's Office

JAN 2 9 2007

Superior Court of the
District of Columbia
Washington, D.C.

## DEFENDANTS B. BRAUN MEDICAL INC. & CENTRAL ADMIXTURE PHARMACY SERVICES, INC.'S JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANTS OR ALTERNATIVELY FOR FORUM NON CONVENIENS

Now comes Defendants, B. Braun Medical, Inc., ("B. Braun") and Central Admixture

Pharmacy Services, Inc., ("CAPS"), by and through their undersigned counsel, and pursuant to

Superior Court Rules of Civil Procedure 7(b), 12(b)(2) and D.C. Code §§ 13-423, 13-425,

respectfully moves this Court to dismiss Plaintiff's Complaint. The grounds for this motion are

more specifically set forth in Defendants B. Braun and CAPS' Memorandum in Support of Their

Joint Motion to Dismiss or Alternatively for Forum Non Conveniens, filed herewith.

WHEREFORE, Defendants B. Braun and CAPS moves this Court to grant their Joint

Motion to Dismiss and dismiss with prejudice, the Complaint filed against them by Margaret C.

Jackson.

{D0064076.1 }



EXHIBIT

16

## ORAL HEARING REQUESTED

Defendants B. Braun and CAPS hereby request an Oral Hearing on their Joint Motion to

Dismiss for Lack of Jurisdiction Over Defendants or Alternatively for Forum Non Conveniens.


Respectfully submitted,

William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical, Inc and Central Admixture Pharmacy Services, Inc.*


## D.C. SUPERIOR COURT RULE 12-I(a) CERTIFICATION

Pursuant to Superior Court Rules of Civil Procedure 12-I(a), I hereby certify that on

**January 29, 2007**, I , as counsel of record for Defendants B. Braun Medical, Inc., and Central

Admixture Pharmacy Services, Inc., spoke with Harvey S. Williams, Esq., counsel for Plaintiff,

to seek Plaintiff's consent to Defendants' Joint Motion to Dismiss Plaintiff's Complaint. Mr.

Williams and I conferred in good faith, but Plaintiff did not consent to the relief requested.

William H. Robinson, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing were mailed first-class, postage prepaid this 29th day of January, 2007, to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

William H. Robinson, Jr.

IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARGARET C. JACKSON, | ) | |
| 5711 Castlebridge Road, Apartment 132 | ) | Civil Action No. 2006- CA-0008227-B |
| Fredericksburg, VA 22407 | ) | |
| | ) | |
| **Plaintiff,** | ) | Calendar 13 - Judge Melvin R. Wright |
| | ) | |
| v. | ) | Next Event:    Initial Conference |
| | ) |                        02/09/07 |
| CENTRAL ADMIXTURE PHARMACY | ) | |
| SERVICES, INC., et. al. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | | |

**DEFENDANTS B. BRAUN MEDICAL INC. & CENTRAL ADMIXTURE PHARMACY
SERVICES, INC.'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION
TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANTS OR
ALTERNATIVELY FOR FORUM NON CONVENIENS**

Now comes Defendants, B. Braun Medical Inc., ("B. Braun") and Central Admixture

Pharmacy Services, Inc., ("CAPS"), by and through their undersigned counsel, and pursuant to

Superior Court Rules of Civil Procedure 7(b), 12(b)(2) and D.C. Code §§ 13-423, 13-425,

respectfully files this Memorandum in Support of their Joint Motion to Dismiss Plaintiff's

Complaint for lack of jurisdiction over Defendants or alternatively on the grounds of *forum non*

*conveniens.*

## I.    INTRODUCTION

On November 11, 2006, Plaintiff filed this action against B. Braun and CAPS for

Negligence, Breach of Warranties and Strict Liability in Tort.  On January 9, 2007, Plaintiff

served process on Corporation Service Company, Defendants' agent for corporate service of

process. (Exhibit A)

{D0064057.2 }

**EXHIBIT**

*1C*

This Court may not exercise personal jurisdiction over Defendants because there is no connection between Plaintiff's alleged tortious injuries and the District of Columbia, Defendants do not conduct substantial and continuous business in the District of Columbia, and this cause of action is not related to any activities carried on by Defendants in the District of Columbia.

In the alternative, Defendants' Motion to Dismiss should be granted on the grounds of *forum non conveniens* because neither Plaintiff nor Defendants are District of Columbia residents, the claim arose in Virginia, and public interest weighs against trial of this case in the District of Columbia.

## II.    STATEMENT OF FACTS

On November 14, 2003, Plaintiff, a Virginia resident, underwent coronary artery bypass surgery at Mary Washington Hospital ("MWH") in Fredericksburg, Virginia. During the bypass procedure, Plaintiff alleges that cardioplegia solution prepared by the Defendant CAPS at its Lanham, Maryland facility was infused into Plaintiff. Plaintiff alleges that following the surgery, she suffered Systemic Inflammatory Response Syndrome (SIRS), due to infectious process, with postoperative respiratory insufficiency requiring mechanical ventilation; and that she remained hospitalized through December 5, 2003.

Plaintiff further alleges that the cardioplegia used during her bypass procedure was contaminated with bacteria and that she was injured as a direct and proximate result of the negligent acts and/or omissions of both Defendants.

## III.   ARGUMENT

**A.   THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER THESE NON-RESIDENT DEFENDANTS IN ACCORDANCE WITH D.C. CODE §13-423, THE LONG-ARM STATUTE NOR UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT.**

In the District of Columbia, to exercise jurisdiction over non-resident defendants, the courts rely on District of Columbia Code sections 13-334 which governs service on foreign corporations, and section 13-423 which vests personal jurisdiction based on conduct and is commonly known as the long arm statute.

Under §13-423, District of Columbia courts may exercise personal jurisdiction over a non-resident defendant if the alleged tortious injury occurred in the District of Columbia. <u>See</u> D.C. Code §§13-423(a)(3) and (4). "The District of Columbia long-arm statute, §13-423 is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia." <u>Meyer v. Reno,</u> 911 F.Supp 11, 14 (1996) (citing <u>Reuber v. United States</u>, 750 F.2d 1039, 1049 (D.C.Cir 1984).

### 1.   Jurisdiction Over Defendants is Not Proper Pursuant to D.C. Code §13-423, the Long-Arm Statute.

Plaintiff alleges that this Court has jurisdiction over this matter pursuant to Sections 11-921 and 13-334 of the District of Columbia Code (2001). (Complaint at para. 1) This is an improper allegation of jurisdiction. Section 921 simply vests civil jurisdiction with the Superior Court, but does not permit the Superior Court to exercise jurisdiction over non-resident defendants.

The statutes that District of Columbia courts have relied upon collectively to find jurisdiction over non-resident defendants are D.C. Code §13-334, "Service on foreign corporations," and D.C. Code §13-423, "Personal jurisdiction based upon conduct," also known

as the long arm statute.[1]   Although Plaintiff's Complaint alleges jurisdiction based on §13-334,

Plaintiff does not allege jurisdiction based on based on §13-423.  For the reasons stated above,

the Court does not have jurisdiction over Defendants pursuant to either D.C. Code §13-334 or

D.C. Code §13-423.

Even if Plaintiff were to claim jurisdiction over Defendants based on the long-arm

statute, it would not apply in this case.[2]  Plaintiff alleges tortious injuries which occurred in

Virginia. (Complaint at paras. 17-28)  The only two provisions in the long-arm statute that

involve tortious injury require that the injury occur in the District of Columbia.  Subsections 13-

423(a)(3) and (4) provide:

> (a) A District of Columbia court may exercise personal jurisdiction over a
> person, who acts directly or by an agent as to a claim for relief arising
> from the person's—
>
> > (3) causing tortious injury in the District of Columbia by an act or
> > omission in he District of Columbia;
>
> > (4) causing tortious injury in the District of Columbia by an act or
> > omission outside the District of Columbia if he regularly does
> > or solicits business, engages in any other persistent course of
> > conduct, or derives substantial revenue from goods used or
> > consumed, or services rendered, in the District of Columbia.

District of Columbia's long-arm statute "bars any claims unrelated to a particular

transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is

---

[1] Although District of Columbia Courts have held that §13-334 is a jurisdictional statute, at least one D.C. court has stated that "[t]he District of Columbia Long Arm Statute, D.C. Code §13-423 is the **only** basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia." Meyer v. Reno, 911 F.Supp. 11, 14 (D.D.C. 1996) (citing Reuber v. United States, 242 U.S.App.D.C. 370, 750 F.2d 1039, 1049 (D.C.Cir 1984)).

[2] "Under the District of Columbia long-arm statute, a plaintiff has the burden of establishing that a personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over defendant." Novak-Canzeri v. Saud, 864 F.Supp 203, 205 (D.D.C. 1994.  No such factual basis has been alleged in Plaintiff's Complaint.

based: The claim itself must have arisen from the business transacted in the District or there is no jurisdiction." Novak-Canzeri at 206.

By Plaintiff's own admission, the tortious injuries allegedly suffered by Plaintiff occurred in Virginia and not in the District of Columbia. Therefore, even if Plaintiff had alleged jurisdiction under §13-423, this Court would not have personal jurisdiction over Defendants pursuant to D.C. Code §13-423, the long arm statute.

**2.    Jurisdiction over Defendants is Prohibited by the Due Process Clause of the Fifth Amendment**

In a products liability case factually identical to this cause of action, the District of Columbia Court of Appeals held that where the cause of action is not related to the activities carried on by the non-resident defendant corporation in the District of Columbia, the exercise of jurisdiction over the defendant would violate the Due Process Clause of the of the Fifth Amendment. Hughes v. A.H. Robins Company, Inc., 490 A.2d 1140, 1146. "If plaintiff's injury does not arise out of something done in the forum state, then other contacts between the corporation and the state must be *fairly extensive* before the burden of defending a suit there may be imposed upon it without offending traditional notions of fair play and substantial justice." Hughes at 1150, (citing Ratliff v. Cooper Laboratories, 444 F.2d 745 (4th Cir. 1971)).

In Hughes, the plaintiff was a Virginia resident who brought suit in the Superior Court for the District of Columbia against A.H. Robins, Inc., ("Robins") a manufacturer of pharmaceutical products who has its principle place of business in Richmond, Virginia. Hughes at 1143. The complaint stated that plaintiff visited her physician in his Virginia office, where he inserted a Dalkon Shield, an intrauterine devise manufactured and sold by Robins. Ms. Hughes alleged that as a consequence of using the Dalkon Shield, she developed severe medical problems which

left her unable to have children. The complaint sought compensatory and punitive damages from Robins in the amount of two million dollars. Id.

Robins filed a motion to dismiss the complaint for lack of *in personam* jurisdiction, or alternatively on the ground of forum *non conveniens*. Id. Ms. Hughes opposed the motion arguing that Robins was doing business in the District of Columbia and was therefore subject to jurisdiction of the District of Columbia courts. Id. Ms. Hughes further argued that dismissal on *forum non conveniens* grounds was unwarranted because the Virginia statue of limitation had expired and there was no other forum available. Id. The trial court granted Hughes' motion on both grounds. On appeal, District of Columbia Court of Appeals affirmed the trial court ruling and held that the Due Process clause of the Fifth Amendment prohibits any exercise of Jurisdiction over Robins in the courts of the District of Columbia because Robins' activities in the District of Columbia were not substantial and continuous. Id. at 1151.

In its analysis regarding "substantial and continuous" activities, the court stated that although Robins derived $3,236,800 in revenue from the sales of its products in the District, this revenue could not sustain the exercise of *in personam* jurisdiction. Id at 1149. Specifically, the court opined:

> "we recognize the financial reality in the flow of three million dollars from the District of Columbia into Robins' coffers; such revenue cannot be labeled insubstantial in any economic sense. . . we conclude that when the cause of action is unrelated to any corporate activity in the forum, such revenues cannot be deemed substantial within the meaning of International Shoe. Id at 1151. (referring to the substantial contacts analysis announced in International Shoe Co. v. Washington, 326 U.S.310 (1945)).

> "In Ratcliff in particular, the court stressed the fact that the plaintiffs' claims, as in this case, were not related in any way to the defendant's activities in the forum." Id. at 1149, 1150.

The District of Columbia Court of Appeals also noted that in the <u>Ratcliff</u> holding, due process forbade the exercise of jurisdiction over a non-resident pharmaceutical manufacturer; and the court stressed the fact that plaintiffs' claims were not related in any way to the defendants' activities in the forum and therefore lacked a "rational nexus" between the forum state and the relevant facts surrounding plaintiff's claim. <u>Hughes</u> at 1150. In furtherance, the District of Columbia Court of Appeals surmised, "We agree with this reasoning and adopt it." <u>Id</u>.

Like the defendant in <u>Hughes</u>, Defendants B. Braun and CAPS are non-residents that do not engage in substantial and continuous activities in the District of Columbia. Similarly, the plaintiff in the present action, like the plaintiff in <u>Hughes</u>, is a Virginia resident who has filed a cause of action in this Court arising from claims that lack any rational nexus to this forum. Therefore, according to the precedence established by the District of Columbia Court of Appeals' ruling in <u>Hughes</u>, this Court should dismiss Plaintiff's complaint because jurisdiction over Defendants is prohibited by the Due Process Clause of the Fifth Amendment.

**B      DEFENANTS' JOINT MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS SHOULD BE GRANTED BECAUSE NEITHER PLAINTIFF NOR DEFENDANTS ARE RESIDENTS OF THE DISTRICT OF COLUMBIA AND THE CLAIM AROSE IN VIRGINIA.**

In the District of Columbia, a court may dismiss a civil action in whole or in part when there is a more suitable forum. See D.C. Code § 13-425, (2001). The decision whether to entertain an action or to dismiss it on the ground of *forum non conveniens* is entrusted to the sound discretion of the trial court and will be reversed on appeal only upon a clear showing of abuse of discretion. <u>Forgotson v. Shea</u>, 491 A.2d 523, 526 (D.C.1985); <u>DeMontmorin v. DuPont</u> 484 A.2d 582, 584 (D.C.1984).

The Court of Appeals for the District of Columbia has identified eight "private interest factors" and four "public interest factors" that trial judges are to analyze when considering a

motion to dismiss based on *forum non conveniens*. See Dennis v. Edwards, 831 A.2d 1006, 1010 (2003) (discussing the *forum non conveniens* analysis set forth by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)).

Factors relevant to the private interests of the litigants include: (1) the relative ease of access to sources of proof: (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of unwilling witnesses; (4) the possibility of viewing premises, if viewed would be appropriate to the action; (5) all other practical problems concerning the ease, expedition and expense of the trial: (6) the enforceability of a judgment once obtained; (7) evidence that the plaintiff attempted to vex, harass or oppress the defendant by his choice of forum; and (8) the relative advantages and obstacles to a fair trial. Gulf Oil at 508.

Factors pertaining to the public interest include: (1) administrative difficulties caused by local court dockets congested with foreign litigation; (2) the local interest in having localized controversies decided at home; (3) the unfairness of imposing the burden of jury duty on the citizens of a forum having no relation to the litigation; and (4) the avoidance of unnecessary problems in conflict of laws and in the interpretation of laws of another jurisdiction. Id. at 508-509.

1.    **Neither Plaintiff Nor Defendant Are Residents of this Forum and the Claim Arose in Virginia.**

In determining the appropriateness of a dismissal on *forum non conveniens* grounds, the District of Columbia Court of Appeals has always considered the plaintiff's residency status an important factor in the analysis. Washington v. May Department Stores, 388 A.2d 484 (1978). The presumption favoring plaintiff's choice of forum is stronger when the plaintiff is a District of Columbia resident. Id. However, when the plaintiff is from another jurisdiction, it is much less reasonable to assume the District of Columbia forum is convenient, and plaintiff's choice

deserves less deference. <u>Piper</u> at 256. This is particularly true when the defendant as well is not a resident of the District of Columbia. <u>See Curley v. Curley</u>, 74 U.S.App.D.C. 163,165 (D.C. 1941); <u>Haynes v. Carr</u>, 379 A.2d 1178, 1180 (D.C.1977).

Moreover, in actions involving non-resident plaintiffs bringing claims arising outside the District of Columbia, the District of Columbia Court of Appeals has emphasized the importance of the public interest in reducing the volume of cases overcrowding the District of Columbia court calendars. <u>Mobley v. Southern Railway Co.</u>, 418 A.2d 1044, 1049 (D.C.1980).

In the present action, Plaintiff is a resident of Fredericksburg, Virginia and Plaintiff's claim arose in Virginia. (Complaint at paras. 8-16)  Defendant B. Braun is a Pennsylvania Corporation and Defendant CAPS is a Delaware Corporation. Significantly, there is no nexus between the alleged tortious injury of which Plaintiff complains and the District of Columbia. This case simply does not belong in the courts of the District of Columbia and therefore Plaintiff's complaint should be dismissed.

### 2.    Public Interest Factors Support Defendants' Joint Motion To Dismiss On Grounds Of Forum Non Conveniens.

Plaintiff's Virginia claim should not be litigated in the District of Columbia for several public interest reasons. First, as previously discussed, the District of Columbia has a strong interest in ensuring that its residents has access to its courts without the fear of them being overburdened by foreign litigants. Secondly, District citizens should not be burdened with the possibility of a complicated jury trial that could last weeks. Thirdly, Virginia courts should decide this controversy that arose in its jurisdiction, and this Court should not be burdened with having to construe a foreign jurisdiction's law. Eight other Virginia residents, asserting claims arising from the sale by defendants of allegedly contaminated cardioplegia solutions to Mary Washington Hospital have brought suit in the Spotsylvania Circuit Court in Virginia.

Generally, Plaintiffs from other jurisdictions should resort to their own courts and this Court should not be burdened with making inquiries regarding events happening outside its jurisdiction.  See Nee v. Dillon, 239F.2d 953, 955 (1956).  Accordingly, Plaintiff's complaint should be dismissed.

## IV.    CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants B. Braun and CAPS respectfully requests that the Court enter an order dismissing Plaintiff's Complaint.

Respectfully submitted,

William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C.  20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing were mailed first-class, postage prepaid this 29th day of January, 2007, to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

William H. Robinson, Jr.



CORPORATION SERVICE COMPANY*

# Notice of Service of Process

LGR / ALL
Transmittal Number: 4952107
Date Processed: 01/09/2007

| | |
|---|---|
| Primary Contact: | Charles A DiNardo<br>B. Braun Medical, Inc.<br>824 12th Avenue<br>Bethlehem, PA 18018 |
| Copy of transmittal only sent to: | Cathy Codrea |
| Entity: | Central Admixture Pharmacy Services, Inc.<br>Entity ID Number  1568892 |
| Entity Served: | Central Admixture Pharmacy Services, Inc. |
| Title of Action: | Margaret G. Jackson vs. Central Admixture Pharmacy Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Superior Court, District Of Columbia |
| Case Number: | 0008227-06 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 01/09/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Harvey S. Williams<br>202-462-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT

_A_

## IN THE SUPERIOR COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARET C. JACKSON,** ) | |
| **5711 Castlebridge Road, Apartment 132** ) | **Civil Action No. 2006- CA-0008227-B** |
| **Fredericksburg, VA 22407** ) | |
| ) | |
| **Plaintiff,** ) | **Calendar 13 - Judge Melvin R. Wright** |
| ) | |
| **v.** ) | **Next Event:    Initial Conference** |
| ) | **02/09/07** |
| **CENTRAL ADMIXTURE PHARMACY** ) | |
| **SERVICES, INC., et al.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

**UPON CONSIDERATION OF** Defendants, B. Braun Medical, Inc., ("B. Braun") and

Central Admixture Pharmacy Services, Inc.'s ("CAPS") Joint Motion to Dismiss, and the entire

record herein, it is this _____ day of _____, 2007 hereby

**ORDERED** that Defendants B. Braun and CAPS' Joint Motion to Dismiss, be and is

hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is hereby dismissed with prejudice.

_____

Judge
Superior Court for the District of Columbia



Copies to:

William H. Robinson, Esq.
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W.
Suite 920
Washington, DC  20015-2030

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, DC 20009

RECEIVED

Civil Clerk's Office

JAN 3 1 2007

Superior Court of the
District of Columbia
Washington, D.C.

**IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MARGARET C. JACKSON, | ) | |
| 5711 Castlebridge Road, Apartment 132 | ) | Civil Action No. 2006- CA-0008227-B |
| Fredericksburg, VA 22407 | ) | |
| | ) | |
| Plaintiff, | ) | Calendar 13 - Judge Melvin R. Wright |
| | ) | |
| v. | ) | Next Event:   Initial Conference |
| | ) |            02/09/07 |
| CENTRAL ADMIXTURE PHARMACY | ) | |
| SERVICES, INC., et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PRAECIPE

A Notice of Service of Process referenced as "Exhibit A" to Defendants B. Braun

Medical Inc. & Central Admixture Pharmacy Services, Inc.'s Memorandum in Support of Their

Joint Motion to Dismiss For Lack Of Jurisdiction over Defendants or Alternatively for Forum

Non Conveniens, was inadvertently not attached to the copy filed with the Court.   The Notice of

Service of Process has been attached to this Praecipe.

Respectfully submitted,

William H. Robinson, Jr., Bar No. 457618
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C.  20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical, Inc and Central
Admixture Pharmacy Services, Inc.*



**EXHIBIT**

**1E**

{D0064220.1 }

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing were mailed first-class, postage prepaid this 30th day of January, 2007, to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

William H. Robinson, Jr.



CORPORATION SERVICE COMPANY*

## Notice of Service of Process

LGR / ALL
Transmittal Number: 4952107
Date Processed: 01/09/2007

| | |
|---|---|
| Primary Contact: | Charles A DiNardo<br>B. Braun Medical, Inc.<br>824 12th Avenue<br>Bethlehem, PA 18018 |
| Copy of transmittal only sent to: | Cathy Codrea |

| | |
|---|---|
| Entity: | Central Admixture Pharmacy Services, Inc.<br>Entity ID Number 1566892 |
| Entity Served: | Central Admixture Pharmacy Services, Inc. |
| Title of Action: | Margaret C. Jackson vs. Central Admixture Pharmacy Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Superior Court, District Of Columbia |
| Case Number: | 0008227-06 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 01/09/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Harvey S. Williams<br>202-462-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

EXHIBIT
A

JS-44
(Rev.1/05 DC)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

**CIVIL COVER SHEET**

FEB - 8 2007

RECEIVED

**I (a) PLAINTIFFS**

Margaret C. Jackson

88888

**DEFENDANTS**

1) Central Admixture Pharmacy Services, Inc.
2) B. Braun Medical Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W., Suite 225
Washington, DC 20009
202 462-5900

CASE NUMBER  1:07CV00296

JUDGE: Richard W. Roberts

DECK TYPE: Personal Injury/Malpracti

DATE STAMP: 02/8/2007

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ● **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☒ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E. General Civil (Other)**  OR  ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1441 - Removal from State Court to Federal Court

**VII. REQUESTED IN COMPLAINT** | □ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ Check YES only if demanded in complaint<br>JURY DEMAND:  YES ☒  NO □

**VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES □ | NO ☒ | If yes, please complete related case form.

DATE  2-8-07    SIGNATURE OF ATTORNEY OF RECORD   *William H. Pehrson, Jr.*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.