UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Margaret C. Jackson )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Central Admixture Pharmacy Services, )<br>Inc., B. Braun Medical Inc. )<br>)<br>)<br>)<br>Defendants. ) | Case No. 1:07CV00296 |

## ANSWER

Without waiving any objection to jurisdiction or venue, defendant, Central Admixture Pharmacy Services, Inc., ("CAPS"), answers plaintiff's Complaint as follows:

1. Paragraph 1 contains conclusions of law which are referred to the Court.

2. CAPS is without sufficient information to respond to the allegations of Paragraph 2 and therefore denies them.

3. CAPS admits that it is a Delaware corporation. CAPS denies that it conducted any business or sold any product in the District of Columbia related to the alleged injuries in this case.

4. CAPS admits that it prepares and distributes cardioplegia and that it operates a facility in Lanham, Maryland.

5. CAPS denies that it or its agents were negligent and further denies that it is liable to plaintiff. CAPS is without sufficient information to respond to any remaining allegations in Paragraph 5 and therefore denies them.

{D0064404.1 }

6.  CAPS admits that B. Braun Medical Inc. was its parent corporation at the time of the injury alleged and that B. Braun Medical Inc. is a Pennsylvania corporation. CAPS is without sufficient information to respond to any remaining allegations in Paragraph 6 and therefore denies them.

7.  CAPS denies the allegations of Paragraph 7.

8.  Admitted

9.  CAPS admits that one function of some Cardioplegia solutions is to stop the heart.

10. CAPS is without sufficient information to respond to the allegations in Paragraph 10 and therefore denies them.

11. CAPS is without sufficient information to respond to the allegations in Paragraph 11 and therefore denies them.

12. CAPS is without sufficient information to respond to the allegations in Paragraph 12 and therefore denies them.

13. CAPS is without sufficient information to respond to the allegations in Paragraph 13 and therefore denies them.

14. CAPS is without sufficient information to respond to the allegations in Paragraph 14 and therefore denies them.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. CAPS, in response to Paragraph 17, incorporates by reference as if fully set out herein its responses to Paragraphs 1-16.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. CAPS, in response to Paragraph 22, incorporates by reference, as if fully set out herein, its responses to Paragraphs 1-21.

23. Paragraph 23 contains conclusions of law. To the extent a response is required, CAPS states that express warranties, if any, are limited to the contract between CAPS and Mary Washington Hospital. CAPS denies that it breached any warranties.

24. Paragraph 24 contains conclusions of law. To the extent a response is required, CAPS states that express warranties, if any, are limited to the contract between CAPS and Mary Washington Hospital. CAPS denies that it breached any warranties.

25. Paragraph 25 contains conclusions of law. To the extent a response is required, CAPS denies that it breached any warranties or that any alleged breach of warranty caused or contributed to cause any injury.

26. As to Paragraph 26, CAPS denies that it breached any warranties.

27. As to Paragraph 27, CAPS denies that it breached any warranties or that any alleged breach of warranty caused or contributed to cause any injury.

28. As to Paragraph 28, CAPS denies that it breached any warranties or that any alleged breach of warranty caused or contributed to cause any injury.

29. CAPS, in response to Paragraph 29, incorporates by reference, as if fully set out herein, its responses to Paragraphs 1-28.

30. CAPS denies that it caused the injuries and damages alleged.

31.     CAPS is without sufficient information to respond to the allegations in Paragraph 31 and therefore denies them.

32.     Paragraph 32 does not contain allegations that pertain to CAPS and no response is required.

33.     Paragraph 33 does not contain allegations that pertain to CAPS and no response is required.

34.     CAPS denies the allegations in the unnumbered Paragraph at the end of plaintiff's Complaint as to CAPS.

35.     CAPS denies each and every allegation of plaintiff's Complaint not specifically admitted.

36.     CAPS denies that it in any way caused or contributed to cause the alleged injury or damages.

37.     CAPS denies that it is liable to plaintiff or responsible for any alleged injury or damages under any theory or claim whatsoever and further denies the breach of any duty or that plaintiff or decedent has been damaged in the manner or to the extent alleged and demands strict proof of plaintiff's allegations.

38.     CAPS will rely upon the defenses of product misuse, failure to mitigate damages, statute of limitations, that any injury was due to the act or omissions of others over whom CAPS had no control or can be held accountable for, intervening cause, learned intermediary doctrine, and any other defense applicable to these matters should they be proved by information gained through investigation, discovery or evidence produced at trial or otherwise.

39.  CAPS alleges that plaintiff has failed to state a cause of action against CAPS for which relief may be granted.

40.  CAPS alleges that plaintiff's claim against CAPS is preempted by federal regulation.

CAPS therefore asks that it be dismissed from this case with prejudice and that it be awarded costs for attorney's fees and all of the relief for which it may be entitled.

Trial by jury is requested.

Respectfully submitted,

Central Admixture Pharmacy Services, Inc.

By: /s/ William H. Robinson, Jr.
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668 Telephone
(202) 244-5135 Facsimile

*Counsel for Defendant*
*Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served by electronically, on this 20th day of February, 2007 on:

> Irvin Cantor, Esquire
> Stephanie E. Grana, Esquire
> Cantor Arkema, P.C.
> P. O. Box 561
> Richmond, VA 23218-0561
> *Counsel for Plaintiff*
>
> Harvey S. Williams, Esquire
> Law Office of Harvey S. Williams
> 1666 Connecticut Avenue, N.W.
> Ste. 225
> Washington, D.C. 20009
> *Counsel for Plaintiff*

Respectfully submitted,

Central Admixture Pharmacy Services, Inc.

By: /s/ William H. Robinson
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668 Telephone
(202) 244-5135 Facsimile

*Counsel for Defendant*
*Central Admixture Pharmacy Services, Inc.*