UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF COLUMBIA

| | |
|---|---|
| Margaret C. Jackson, <br><br>          Plaintiff, <br><br>v. <br><br>Central Admixture Pharmacy Services, Inc., B. Braun Medical Inc. <br><br>          Defendants. | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:07CV00296 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER

Without waiving any objection to jurisdiction or venue, defendant, B. Braun Medical Inc. ("B. Braun"), answers plaintiff's Complaint as follows:

    1.    Paragraph 1 contains conclusions of law which are referred to the Court.

    2.    B. Braun is without sufficient information to respond to the allegations of Paragraph 2 and therefore denies them.

    3.    B. Braun admits that Central Admixture Pharmacy Services, Inc. ("CAPS"), is a Delaware corporation that prepares and distributes cardioplegia and that it operates a facility in Lanham, Maryland. B. Braun denies any remaining allegations in Paragraph 3.

    4.    B. Braun admits that CAPS prepares and distributes cardioplegia and that CAPS operates a facility in Lanham, Maryland.

    5.    Paragraph 5 does not contain allegations that pertain to B. Braun and no response is required. To the extent a response is required, B. Braun denies that CAPS or its agents were negligent and further denies that CAPS is liable to plaintiff.

{D0064410.1 }

6. B. Braun admits that at the time of the injury alleged it was the parent corporation of CAPS, that it is a Pennsylvania corporation. B. Braun denies that it conducted any business in the District of Columbia, related to the injuries alleged.

7. B. Braun admits that it employs employees, but denies all remaining allegations in Paragraph 7.

8. Paragraph 8 does not contain allegations that pertain to B. Braun and no response is required. To the extent a response is required, B. Braun is without sufficient information to respond to the allegations in Paragraph 8 and therefore denies them.

9. B. Braun is without sufficient information to respond to the allegations of Paragraph 9 and therefore denies them.

10. B. Braun is without sufficient information to respond to the allegations of Paragraph 10 and therefore denies them.

11. B. Braun is without sufficient information to respond to the allegations in Paragraph 11 and therefore denies them.

12. B. Braun is without sufficient information to respond to the allegations in Paragraph 12 and therefore denies them.

13. B. Braun is without sufficient information to respond to the allegations in Paragraph 13 and therefore denies them.

14. B. Braun is without sufficient information to respond to the allegations in Paragraph 14 and therefore denies them.

15. B. Braun is without sufficient information to respond to the allegations in Paragraph 15 and therefore denies them.

16. Paragraph 16 is denied.

17. B. Braun, in response to Paragraph 17, incorporates by reference as if fully set out herein its responses to Paragraphs 1-16.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. B. Braun, in response to Paragraph 22, incorporates by reference as if fully set out herein its responses to Paragraphs 1-21.

23. Paragraph 23 contains conclusions of law which are referred to the Court. To the extent a response is required, B. Braun denies that it sold any product related to the injuries alleged, denies that it made any warranties or that it breached any warranties.

24. Paragraph 24 contains conclusions of law which are referred to the Court. To the extent a response is required, B. Braun denies that it sold any product related to the injuries alleged, denies that it made any warranties or that it breached any warranties.

25. Paragraph 25 contains conclusions of law. To the extent a response is required, B. Braun denies that it sold any product related to the injuries alleged, denies that it breached any warranties or that any alleged breach of warranty caused or contributed to cause any injury.

26. As to Paragraph 26, B. Braun denies that it sold any product related to the injuries alleged, denies that it made or breached any warranties.

27. As to Paragraph 27, B. Braun denies that it sold any product related to the injuries alleged, denies that it made or breached any warranties or that it cause or contributed to cause any injury.

28. As to Paragraph 28, B. Braun denies that it sold any product related to the injuries alleged, denies that it made or breached any warranties or that it cause or contributed to cause any injury.

29. B. Braun, in response to Paragraph 29, incorporates by reference as if fully set out herein its responses to Paragraphs 1-28.

30. B. Braun denies that it caused the injuries and damages alleged.

31. B. Braun denies the allegations in the unnumbered Paragraph at the end of plaintiff's Complaint as to B. Braun.

31. B. Braun is without sufficient information to respond to the allegations in Paragraph 31 and therefore denies them.

32. Paragraph 32 does not contain allegations that pertain to B. Braun and no response is required.

33. Paragraph 33 does not contain allegations that pertain to B. Braun and no response is required.

34. B. Braun denies the allegations in the unnumbered Paragraph at the end of plaintiff's Complaint as to B. Braun.

35. B. Braun denies each and every allegation of plaintiff's Complaint not specifically admitted.

36. B. Braun denies that it in any way caused or contributed to cause the alleged injury or damages.

37. B. Braun denies that it is liable to plaintiff or responsible for any alleged injury or damages under any theory or claim whatsoever and further denies the breach of

any duty or that plaintiff or decedent has been damaged in the manner or to the extent alleged and demands strict proof of plaintiff's allegations.

38. B. Braun will rely upon the defenses of product misuse, failure to mitigate damages, statute of limitations, that any injury was due to the act or omissions of others over whom B. Braun had no control or can be held accountable for, intervening cause, learned intermediary doctrine, and any other defense applicable to these matters should they be proved by information gained through investigation, discovery or evidence produced at trial or otherwise.

39. B. Braun alleges that plaintiff has failed to state a cause of action against B. Braun for which relief may be granted.

40. B. Braun alleges that plaintiff's claim against B. Braun is preempted by federal regulation.

B. Braun therefore asks that it be dismissed from this case with prejudice and that it be awarded costs for attorney's fees and all of the relief for which it may be entitled.

Trial by jury is requested.

Respectfully submitted,

B. Braun Medical Inc.

By: *[signature]*
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668 Telephone
(202) 244-5135 Facsimile

*Counsel for Defendant B. Braun Medical Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served by electronically, on this 20th day of February, 2007 on:

>Irvin Cantor, Esquire
>Stephanie E. Grana, Esquire
>Cantor Arkema, P.C.
>P. O. Box 561
>Richmond, VA 23218-0561
>*Counsel for Plaintiff*
>
>Harvey S. Williams, Esquire
>Law Office of Harvey S. Williams
>1666 Connecticut Avenue, N.W.
>Ste. 225
>Washington, D.C. 20009
>*Counsel for Plaintiff*

Respectfully submitted,

B. Braun Medical Inc.

By: /s/ William H. Robinson
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668 Telephone
(202) 244-5135 Facsimile

*Counsel for Defendant B. Braun Medical Inc.*