UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET C. JACKSON,<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL ADMIXTURE PHARMACY<br>SERVICES, INC., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:07CV00296<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS B. BRAUN MEDICAL INC. & CENTRAL ADMIXTURE PHARMACY SERVICES, INC.'S JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANTS OR ALTERNATIVELY FOR FORUM NON CONVENIENS

Defendants, B. Braun Medical, Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc., ("CAPS"), by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(2), respectfully moves this Court to dismiss Plaintiff's Complaint for lack of jurisdiction over Defendants or alternatively for forum non conveniens. The grounds for this Motion are more specifically set forth in Defendants B. Brau and CAPS' Memorandum of Law in Support of Their Joint Motion to Dismiss, filed herewith.

WHEREFORE, Defendants B. Braun and CAPS respectfully requests this Court to grant their Joint Motion to Dismiss for Lack of Jurisdiction over Defendants or Alternatively for Forum Non Conveniens, and dismiss with prejudice, the Complaint filed against them by Margaret C. Jackson.

{D0064424.1 }

## ORAL HEARING REQUESTED

Defendants B. Braun and CAPS hereby request an Oral Hearing on their Joint Motion to Dismiss.

Respectfully submitted,

*William H. Robinson, Jr.* (signature)
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2007, copies of the foregoing were mailed first-class, postage prepaid to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

*William H. Robinson, Jr.* (signature)
William H. Robinson, Jr.

{D0064424.1}

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET C. JACKSON,<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL ADMIXTURE PHARMACY<br>SERVICES, INC., et al.<br><br>Defendants. | Civil Action No.: 1:07CV00296 |

**DEFENDANTS B. BRAUN MEDICAL INC. & CENTRAL ADMIXTURE PHARMACY SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANTS OR ALTERNATIVELY FOR FORUM NON CONVENIENS**

Now comes Defendants, B. Braun Medical Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc., ("CAPS"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), respectfully files this Memorandum of Law in Support of their Joint Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction Over Defendants or Alternatively on the Grounds of Forum *Non Conveniens*.

## I.   INTRODUCTION

On November 11, 2006, Plaintiff filed this action against B. Braun and CAPS in the Superior Court for the District of Columbia alleging Negligence, Breach of Warranties and Strict Liability in Tort. On January 9, 2007, Plaintiff served process on Corporation Service Company,

{D0064426.1 }

Defendants' agent for corporate service of process (Exhibit A), and on February 8, 2007, this action was removed to this Court.

This Court lacks personal jurisdiction over Defendants because:

1. Defendants are foreign corporations that do not conduct substantial and continuous business within the District and therefore are not subject to the general personal jurisdiction of the District of Columbia's courts under the District's general personal jurisdiction statutes, D.CA. Code § 13-423 (2001);

2. There is no connection between Plaintiff's alleged tortious injuries and the District of Columbia, and this claim does not arise out of an act or acts performed by Defendants which would permit the exercise of jurisdiction in accordance with the District of Columbia's "Long-Arm" Statute, D.CA. Code § 13-423 (2001); and

3. The exercise of personal jurisdiction over Defendants by the District of Columbia courts would violate the due process guaranteed by the Fifth Amendment to the U.S. Constitution because Defendants do not have sufficient "minimum contacts" with the District of Columbia jurisdiction.

Moreover, neither Plaintiff nor Defendants are District of Columbia residents, the claim arose in Virginia, and public interest weighs against trial of this case in the District of Columbia.

## II.  STATEMENT OF FACTS

On November 14, 2003, Plaintiff, a Virginia resident, underwent coronary artery bypass surgery at Mary Washington Hospital ("MWH") in Fredericksburg, Virginia. During the bypass procedure, Plaintiff alleges that Cardioplegia solution prepared by the Defendant CAPS at its Lanham, Maryland facility was infused into Plaintiff. At the time of the incident in question,

Mary Washington Hospital had contracted with CAPS Lanham, Maryland facility for purchasing Cardioplegia solution for its use in Fredericksburg, Virginia. No contract, compounding, or sale of the product involved, nor any alleged injury, occurred in the District of Columbia. Plaintiff alleges that following the surgery, she suffered Systemic Inflammatory Response Syndrome (SIRS), due to infectious process, with postoperative respiratory insufficiency requiring mechanical ventilation; and that she remained hospitalized through December 5, 2003.

Plaintiff further alleges that the cardioplegia used during her bypass procedure was contaminated with bacteria and that she was injured as a direct and proximate result of the negligent acts and/or omissions of both Defendants.

### III.   ARGUMENT

**A.   DISTRICT OF COLUMBIA COURTS MAY NOT EXERCISE PERSONAL JURISDICTION OVER THESE NON-RESIDENT DEFENDANTS IN ACCORDANCE WITH D.C. CODE §13-423, THE LONG-ARM STATUTE NOR UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT.**

In the District of Columbia, to exercise jurisdiction over non-resident defendants, the courts rely on District of Columbia Code sections 13-334 which governs service on foreign corporations, and section 13-423 which vests personal jurisdiction based on conduct and is commonly known as the long arm statute.

Under §13-423, District of Columbia courts may exercise personal jurisdiction over a non-resident defendant if the alleged tortious injury occurred in the District of Columbia. See D.C. Code §§13-423(a)(3) and (4). "The District of Columbia long-arm statute, §13-423 is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside

within or maintain a principal place of business in the District of Columbia." Meyer v. Reno, 911 F.Supp 11, 14 (1996) (citing Reuber v. United States, 750 F.2d 1039, 1049 (D.C.Cir 1984).

### 1. Jurisdiction Over Defendants is Not Proper Pursuant to D.C. Code §13-423, the Long-Arm Statute.

Plaintiff alleges that this Court has jurisdiction over this matter pursuant to Sections 11-921 and 13-334 of the District of Columbia Code (2001). (Complaint at para. 1) This is an improper allegation of jurisdiction. Section 921 simply vests civil jurisdiction with the Superior Court, but does not permit the Superior Court to exercise jurisdiction over non-resident defendants.

The statutes that District of Columbia courts have relied upon collectively to find jurisdiction over non-resident defendants are D.C. Code §13-334, "Service on foreign corporations," and D.C. Code §13-423, "Personal jurisdiction based upon conduct," also known as the long arm statute.[1] Although Plaintiff's Complaint alleges jurisdiction based on §13-334, Plaintiff does not allege jurisdiction based on based on §13-423. For the reasons stated above, the Court does not have jurisdiction over Defendants pursuant to either D.C. Code §13-334 or D.C. Code §13-423.

Even if Plaintiff were to claim jurisdiction over Defendants based on the long-arm statute, it would not apply in this case.[2] Plaintiff alleges tortious injuries which occurred in Virginia. (Complaint at paras. 17-28) The only two provisions in the long-arm statute that

---

[1] Although District of Columbia Courts have held that §13-334 is a jurisdictional statute, at least one D.C. court has stated that "[t]he District of Columbia Long Arm Statute, D.C. Code §13-423 is the **only** basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia." Meyer v. Reno, 911 F.Supp. 11, 14 (D.D.C. 1996) (citing Reuber v. United States, 242 U.S.App.D.C. 370, 750 F.2d 1039, 1049 (D.C.Cir 1984)).

[2] "Under the District of Columbia long-arm statute, a plaintiff has the burden of establishing that a personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over defendant." Novak-Canzeri v. Saud, 864 F.Supp 203, 205 (D.D.C. 1994. No such factual basis has been alleged in Plaintiff's Complaint.

involve tortious injury require that the injury occur in the District of Columbia. Subsections 13-423(a)(3) and (4) provide:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent as to a claim for relief arising from the person's—
>
>> (3) causing tortious injury in the District of Columbia by an act or omission in he District of Columbia;
>>
>> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

District of Columbia's long-arm statute "bars any claims unrelated to a particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based: The claim itself must have arisen from the business transacted in the District or there is no jurisdiction." Novak-Canzeri at 206.

By Plaintiff's own admission, the tortious injuries allegedly suffered by Plaintiff occurred in Virginia and not in the District of Columbia. Therefore, even if Plaintiff had alleged jurisdiction under §13-423, this Court would not have personal jurisdiction over Defendants pursuant to D.C. Code §13-423, the long arm statute.

### 2. Jurisdiction over Defendants is Prohibited by the Due Process Clause of the Fifth Amendment

In a products liability case factually identical to this cause of action, the District of Columbia Court of Appeals held that where the cause of action is not related to the activities carried on by the non-resident defendant corporation in the District of Columbia, the exercise of jurisdiction over the defendant would violate the Due Process Clause of the of the Fifth Amendment. Hughes v. A.H. Robins Company, Inc., 490 A.2d 1140, 1146. "If plaintiff's injury

does not arise out of something done in the forum state, then other contacts between the corporation and the state must be *fairly extensive* before the burden of defending a suit there may be imposed upon it without offending traditional notions of fair play and substantial justice." Hughes at 1150, (citing Ratliff v. Cooper Laboratories, 444 F.2d 745 (4th Cir. 1971)).

In Hughes, the plaintiff was a Virginia resident who brought suit in the Superior Court for the District of Columbia against A.H. Robins, Inc., ("Robins") a manufacturer of pharmaceutical products who has its principle place of business in Richmond, Virginia. Hughes at 1143. The complaint stated that plaintiff visited her physician in his Virginia office, where he inserted a Dalkon Shield, an intrauterine devise manufactured and sold by Robins. Ms. Hughes alleged that as a consequence of using the Dalkon Shield, she developed severe medical problems which left her unable to have children. The complaint sought compensatory and punitive damages from Robins in the amount of two million dollars. Id.

Robins filed a motion to dismiss the complaint for lack of *in personam* jurisdiction, or alternatively on the ground of forum *non conveniens*. Id. Ms. Hughes opposed the motion arguing that Robins was doing business in the District of Columbia and was therefore subject to jurisdiction of the District of Columbia courts. Id. Ms. Hughes further argued that dismissal on *forum non conveniens* grounds was unwarranted because the Virginia statue of limitation had expired and there was no other forum available. Id. The trial court granted Hughes' motion on both grounds. On appeal, District of Columbia Court of Appeals affirmed the trial court ruling and held that the Due Process clause of the Fifth Amendment prohibits any exercise of Jurisdiction over Robins in the courts of the District of Columbia because Robins' activities in the District of Columbia were not substantial and continuous. Id. at 1151.

In its analysis regarding "substantial and continuous" activities, the court stated that although Robins derived $3,236,800 in revenue from the sales of its products in the District, this revenue could not sustain the exercise of *in personam* jurisdiction. Id at 1149. Specifically, the court opined:

> "we recognize the financial reality in the flow of three million dollars from the District of Columbia into Robins' coffers; such revenue cannot be labeled insubstantial in any economic sense. . . we conclude that when the cause of action is unrelated to any corporate activity in the forum, such revenues cannot be deemed substantial within the meaning of International Shoe. Id at 1151. (referring to the substantial contacts analysis announced in International Shoe Co. v. Washington, 326 U.S.310 (1945)).
>
> "In Ratcliff in particular, the court stressed the fact that the plaintiffs' claims, as in this case, were not related in any way to the defendant's activities in the forum." Id. at 1149, 1150.

The District of Columbia Court of Appeals also noted that in the Ratcliff holding, due process forbade the exercise of jurisdiction over a non-resident pharmaceutical manufacturer; and the court stressed the fact that plaintiffs' claims were not related in any way to the defendants' activities in the forum and therefore lacked a "rational nexus" between the forum state and the relevant facts surrounding plaintiff's claim. Hughes at 1150. In furtherance, the District of Columbia Court of Appeals surmised, "We agree with this reasoning and adopt it." Id.

Like the defendant in Hughes, Defendants B. Braun and CAPS are non-residents that do not engage in substantial and continuous activities in the District of Columbia. Similarly, the plaintiff in the present action, like the plaintiff in Hughes, is a Virginia resident who has filed a cause of action in this Court arising from claims that lack any rational nexus to this forum. Therefore, according to the precedence established by the District of Columbia Court of

Appeals' ruling in <u>Hughes</u>, this Court should dismiss Plaintiff's complaint because jurisdiction over Defendants is prohibited by the Due Process Clause of the Fifth Amendment.

> B     **DEFENANTS' JOINT MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS SHOULD BE GRANTED BECAUSE NEITHER PLAINTIFF NOR DEFENDANTS ARE RESIDENTS OF THE DISTRICT OF COLUMBIA AND THE CLAIM AROSE IN VIRGINIA.**

In the District of Columbia, a court may dismiss a civil action in whole or in part when there is a more suitable forum. See D.C. Code § 13-425, (2001). The decision whether to entertain an action or to dismiss it on the ground of *forum non conveniens* is entrusted to the sound discretion of the trial court and will be reversed on appeal only upon a clear showing of abuse of discretion. <u>Forgotson v. Shea</u>, 491 A.2d 523, 526 (D.C.1985); <u>DeMontmorin v. DuPont</u> 484 A.2d 582, 584 (D.C.1984).

The Court of Appeals for the District of Columbia has identified eight "private interest factors" and four "public interest factors" that trial judges are to analyze when considering a motion to dismiss based on *forum non conveniens*. See <u>Dennis v. Edwards</u>, 831 A.2d 1006, 1010 (2003) (discussing the *forum non conveniens* analysis set forth by the Supreme Court in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947)).

Factors relevant to the private interests of the litigants include: (1) the relative ease of access to sources of proof: (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of unwilling witnesses; (4) the possibility of viewing premises, if viewed would be appropriate to the action; (5) all other practical problems concerning the ease, expedition and expense of the trial: (6) the enforceability of a judgment once obtained; (7) evidence that the plaintiff attempted to vex, harass or oppress the defendant by his choice of forum; and (8) the relative advantages and obstacles to a fair trial. <u>Gulf Oil</u> at 508.

Factors pertaining to the public interest include: (1) administrative difficulties caused by local court dockets congested with foreign litigation; (2) the local interest in having localized controversies decided at home; (3) the unfairness of imposing the burden of jury duty on the citizens of a forum having no relation to the litigation; and (4) the avoidance of unnecessary problems in conflict of laws and in the interpretation of laws of another jurisdiction. Id. at 508-509.

### 1. Neither Plaintiff Nor Defendant Are Residents of this Forum and the Claim Arose in Virginia.

In determining the appropriateness of a dismissal on *forum non conveniens* grounds, the District of Columbia Court of Appeals has always considered the plaintiff's residency status an important factor in the analysis. Washington v. May Department Stores, 388 A.2d 484 (1978). The presumption favoring plaintiff's choice of forum is stronger when the plaintiff is a District of Columbia resident. Id. However, when the plaintiff is from another jurisdiction, it is much less reasonable to assume the District of Columbia forum is convenient, and plaintiff's choice deserves less deference. Piper at 256. This is particularly true when the defendant as well is not a resident of the District of Columbia. See Curley v. Curley, 74 U.S.App.D.C. 163,165 (D.C. 1941); Haynes v. Carr, 379 A.2d 1178, 1180 (D.C.1977).

Moreover, in actions involving non-resident plaintiffs bringing claims arising outside the District of Columbia, the District of Columbia Court of Appeals has emphasized the importance of the public interest in reducing the volume of cases overcrowding the District of Columbia court calendars. Mobley v. Southern Railway Co., 418 A.2d 1044, 1049 (D.C.1980).

In the present action, Plaintiff is a resident of Fredericksburg, Virginia and Plaintiff's claim arose in Virginia. (Complaint at paras. 8-16) Defendant B. Braun is a Pennsylvania Corporation and Defendant CAPS is a Delaware Corporation. Significantly, there is no nexus

between the alleged tortious injury of which Plaintiff complains and the District of Columbia. This case simply does not belong in the courts of the District of Columbia and therefore Plaintiff's complaint should be dismissed.

    2.    **Public Interest Factors Support Defendants' Joint Motion To Dismiss On Grounds Of Forum Non Conveniens.**

Plaintiff's Virginia claim should not be litigated in the District of Columbia for several public interest reasons. First, as previously discussed, the District of Columbia has a strong interest in ensuring that its residents has access to its courts without the fear of them being overburdened by foreign litigants. Secondly, District citizens should not be burdened with the possibility of a complicated jury trial that could last weeks. Thirdly, Virginia courts should decide this controversy that arose in its jurisdiction, and this Court should not be burdened with having to construe a foreign jurisdiction's law. Eight other Virginia residents, asserting claims arising from the sale by defendants of allegedly contaminated cardioplegia solutions to Mary Washington Hospital have brought suit in the Spotsylvania Circuit Court in Virginia.

Generally, Plaintiffs from other jurisdictions should resort to their own courts and this Court should not be burdened with making inquiries regarding events happening outside its jurisdiction. See Nee v. Dillon, 239F.2d 953, 955 (1956). Accordingly, Plaintiff's complaint should be dismissed.

## IV.    CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants B. Braun and CAPS respectfully requests that the Court enter an order dismissing Plaintiff's Complaint.

Respectfully submitted,

*[signature: William H. Robinson]*

William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2007, copies of the foregoing were mailed first-class, postage prepaid to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

*[signature: William H. Robinson]*

William H. Robinson, Jr.



## CORPORATION SERVICE COMPANY

# Notice of Service of Process

LGR / ALL
Transmittal Number: 4952107
Date Processed: 01/09/2007

| | |
|---|---|
| Primary Contact: | Charles A DiNardo<br>B. Braun Medical, Inc.<br>824 12th Avenue<br>Bethlehem, PA 18018 |
| Copy of transmittal only sent to: | Cathy Codrea |
| Entity: | Central Admixture Pharmacy Services, Inc.<br>Entity ID Number 1566892 |
| Entity Served: | Central Admixture Pharmacy Services, Inc. |
| Title of Action: | Margaret C. Jackson vs. Central Admixture Pharmacy Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Superior Court, District Of Columbia |
| Case Number: | 0008227-06 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 01/09/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Harvey S. Williams<br>202-462-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARET C. JACKSON,**<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>        **Plaintiff,**<br><br>v.<br><br>**CENTRAL ADMIXTURE PHARMACY**<br>**SERVICES, INC., et al.**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)  Civil Action No.: 1:07CV00296<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**UPON CONSIDERATION OF** Defendants, B. Braun Medical, Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc.'s, ("CAPS"), Joint Motion to Dismiss, and the entire record herein, it is this _____ day of _____, 2007 hereby

**ORDERED** that B. Braun and CAPS' Joint Motion to Dismiss, be and is hereby **GRANTED**; and it is further

**ORDERED** that this case is dismissed with prejudice.

_____
Judge
United States District Court for the District of Columbia

Copies to:

William H. Robinson, Jr.
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030

*Counsel for B. Braun Medical Inc., and Central*
   *Admixture Pharmacy Services, Inc.*

{D0064425.1 }

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC  20009

*Counsel for Plaintiff*