UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET C. JACKSON,<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRAL ADMIXTURE PHARMACY<br>SERVICES, INC., et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No.: 1:07CV00296<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO TRANSFER

Defendants, B. Braun Medical, Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc., ("CAPS"), by and through their attorneys, hereby requests, pursuant to 28 U.S.C.A. §1404, that this case be transferred to the United States District Court for the Eastern District of Virginia, Richmond Division. As demonstrated in the accompanying Memorandum of Points & Authorities, the requested transfer would be more convenient for all parties and witnesses, and in the interest of justice. Plaintiff's counsel does not consent to the motion.

WHEREFORE, Defendants B. Braun and CAPS respectfully requests this Court to grant their Motion to Transfer, and transfer this action to the United States District Court for the

{D0064428.1 }

Eastern District of Virginia, Richmond Division.

Respectfully submitted,

/s/ William H. Robinson
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2007, copies of the foregoing were mailed first-class, postage prepaid to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

/s/ William H. Robinson
William H. Robinson, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET C. JACKSON,<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL ADMIXTURE PHARMACY<br>SERVICES, INC., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:07CV00296 |

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION FOR TRANSFER

Now comes Defendants, B. Braun Medical Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc., ("CAPS"), by and through their undersigned counsel, and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 1404(a), and respectfully files this Memorandum of Law in Support of their Motion for Transfer of this action to the United States District Court for the Eastern District of Virginia, Richmond Division, and in support thereof, states the following:

### I.  INTRODUCTION

On November 11, 2006, Plaintiff filed this action against B. Braun and CAPS in the Superior Court for the District of Columbia alleging Negligence, Breach of Warranties and Strict Liability in Tort. On January 9, 2007, Plaintiff served process on Corporation Service Company, Defendants' agent for corporate service of process (Exhibit A), and on February 8, 2007, this action was removed to this Court.

{D0064430.1 }

District of Columbia Courts may not exercise personal jurisdiction over Defendants because there is no connection between Plaintiff's alleged tortious injuries and the District of Columbia, Defendants do not conduct substantial and continuous business in the District of Columbia, and this cause of action is not related to any activities carried on by Defendants in the District of Columbia. Moreover, neither Plaintiff nor Defendants are District of Columbia residents, the claim arose in Virginia, and public interest weighs against trial of this case in the District of Columbia.

## II.   STATEMENT OF FACTS

On November 14, 2003, Plaintiff, a Virginia resident, underwent coronary artery bypass surgery at Mary Washington Hospital ("MWH") in Fredericksburg, Virginia. During the bypass procedure, Plaintiff alleges that cardioplegia solution prepared by the Defendant CAPS at its Lanham, Maryland facility was infused into Plaintiff. At the time of the incident in question, Mary Washington Hospital had contracted with CAPS Lanham, Maryland facility for purchasing Cardioplegia solution for its use in Fredericksburg, Virginia. No contract, compounding or sale of the product involved, nor any alleged injury, occurred in the District of Columbia. Plaintiff alleges that following the surgery, she suffered Systemic Inflammatory Response Syndrome (SIRS), due to infectious process, with postoperative respiratory insufficiency requiring mechanical ventilation; and that she remained hospitalized through December 5, 2003.

Plaintiff further alleges that the cardioplegia used during her bypass procedure was contaminated with bacteria and that she was injured as a direct and proximate result of the negligent acts and/or omissions of both Defendants.

## III.   ARGUMENT

**A.   PLAINTIFF'S LEGAL CLAIMS AGAINST DEFENDANTS MUST BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT IN**

{D0064430.1}                                    2

**VIRGINIA, AS IT IS A MORE CONVENIENT FORUM THAN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.**

The Federal Rules of Civil Procedure regulate motions to transfer. See Fed. R. Civ. Pro. Rule 12(b)(3). The District of Columbia is not a convenient forum in which to litigate Plaintiff's claims, and thus Plaintiff's claims should be transferred to a more convenient forum, the United States District Court for the Eastern District of Virginia, Richmond Division.

When venue is proper under Rule 12(b)(3), but another federal district court would be a more convenient forum, the case may be transferred pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states: "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of transfer under section 1404(a) is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Continental Grain Co. v. Barge, 364 U.S. 19, 26 (1960)). In exercising its broad discretion under section 1404(a), the court must balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness. The Wilderness Society v. Babbitt, 104 F.Supp.2d 10 (D.D.C. 2000) (quoting, Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30.)

The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof.

The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and

transferor courts; and (3) the local interest in deciding local controversies at home. The Wilderness Society at 12.

> **B.  PRIVATE INTEREST FACTORS SUPPORT DEFENDANT'S MOTION FOR TRANSFER OF THIS ACTION TO VIRGINIA**

In determining a convenient forum, District of Columbia courts have recognized the diminished consideration afforded to a plaintiff's choice of forum when that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter. Islamic Republic of Iran v. Bowing Co., 477 F.Supp. 142, 144 (D.D.C. 1979). Plaintiff's choice of forum is entitled to less deference when there is an insubstantial factual nexus with the plaintiff's choice. Trout Unlimited v. U.S. Dep't of Agric., 944 F.Supp. 13, 16 (D.D.C.1996). See also, Citizen Advocates for Responsible Expansion, Inc. v. Dole, 561 F.Supp. 1238, 1239 (D.D.C.1983) (stating that deference to plaintiffs' choice is diminished when "transfer is sought to the forum where plaintiffs reside ... and the connection between plaintiffs, the controversy and the chosen forum is attenuated.").

The present action has no connection to the District of Columbia and it is clear that litigating in a Virginia court would be significantly more convenient for both Plaintiff and Defendants. Plaintiff resides in Fredericksburg, Virginia, and does not allege any contacts with District of Columbia in her Complaint. By Plaintiff's own admission, the tortious injuries allegedly suffered by Plaintiff occurred in Virginia and although witnesses have not yet been identified in this matter, it is foreseeable that the Plaintiff, her treating physicians and other hospital staff will be expected to testify. It is highly probable that none of these witnesses are located in District of Columbia. Additionally, experts and fact witnesses will be identified as litigation continues, and it is improbable that any of these witnesses will be located in District of Columbia.

Neither Defendant is registered or maintains a principle place of business in the District of Columbia. Defendant B. Braun is a Pennsylvania Corporation and Defendant CAPS is a Delaware Corporation. Moreover both defendants are currently involved in litigation with eight other Virginia residents, asserting claims arising from the sale by defendants of allegedly contaminated cardioplegia solutions to Mary Washington Hospital. These suits are pending in Spotsylvania Circuit Court in Virginia.

Accordingly, this case does not belong in the courts of the District of Columbia and therefore this action should be transferred to Virginia.

### C.    PUBLIC INTEREST FACTORS SUPPORT DEFENDANT'S MOTION FOR TRANSFER OF THIS ACTION TO VIRGINIA

Public interest factors support a transfer of this action to Virginia. First, residents of the District of Columbia should have access to the district's courts without fear of them being overburdened by foreign litigants. Secondly, District citizens should not be burdened with the possibility of a complicated jury trial that could last weeks. Thirdly, Virginia courts should decide this controversy that arose in its jurisdiction, and this Court should not be burdened with having to construe a foreign jurisdiction's law.

Moreover, there is a local interest in having localized controversies decided at home, Armco Steel Co. v. CSX Corp., 790 F.Supp 311, 323 (D.D.C.1991), and that interest is best served by having the case decided by the federal court whose laws govern the controversy at stake. See Schmid Laboratories, Inc. v. Hartford Accident and Indemnity Co., 654 F.Supp. 734, 737 (D.D.C.1986); Islamic Republic of Iran, 477 F.Supp. at 144. In the present action, public interest is best served by having a Virginia court apply Virginia law to decide this action which arose in Virginia. As previously stated by this Court, "controversies should be resolved in the locale where they arise." Id.

## IV.  CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants B. Braun and CAPS respectfully requests that the Court grant their Motion for Transfer and enter an order transferring this action to the United States District Court for the Eastern District of Virginia – Richmond Division.

Respectfully submitted,

/s/ William H. Robinson
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 Facsimile

*Counsel for B. Braun Medical Inc., and Central Admixture Pharmacy Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2007, copies of the foregoing were mailed first-class, postage prepaid to:

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*

/s/ William H. Robinson
William H. Robinson, Jr.



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

LGR / ALL
Transmittal Number: 4952107
Date Processed: 01/09/2007

| | |
|---|---|
| Primary Contact: | Charles A DiNardo<br>B. Braun Medical, Inc.<br>824 12th Avenue<br>Bethlehem, PA 18018 |
| Copy of transmittal only sent to: | Cathy Codrea |
| Entity: | Central Admixture Pharmacy Services, Inc.<br>Entity ID Number 1566892 |
| Entity Served: | Central Admixture Pharmacy Services, Inc. |
| Title of Action: | Margaret C. Jackson vs. Central Admixture Pharmacy Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Superior Court, District Of Columbia |
| Case Number: | 0008227-06 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 01/09/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Harvey S. Williams<br>202-462-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET C. JACKSON,<br>5711 Castlebridge Road, Apartment 132<br>Fredericksburg, VA 22407<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRAL ADMIXTURE PHARMACY<br>SERVICES, INC., et al.<br><br>　　　　　Defendants. | Civil Action No.: 1:07CV00296 |

## ORDER

**UPON CONSIDERATION OF** Defendants, B. Braun Medical, Inc., ("B. Braun") and Central Admixture Pharmacy Services, Inc.'s, ("CAPS"), Motion to Transfer, and the entire record herein, it is this _____ day of _____, 2007 hereby

**ORDERED** that B. Braun and CAPS' Motion to Transfer, be and is hereby **GRANTED**; and it is further

**ORDERED** that this case is transferred to the United States District Court for the Eastern District of Virginia, Richmond Division.

_____
Judge
United States District Court for the District of Columbia

{D0064429.1 }

Copies to:

William H. Robinson, Jr.
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030

*Counsel for B. Braun Medical Inc., and Central
   Admixture Pharmacy Services, Inc.*


Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW
Suite 225
Washington, DC 20009

*Counsel for Plaintiff*